UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
Case No.: _____

| | |
|---|---|
| ROSEMARY QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRENTON MEDICAL CENTER, INC. d/b/a | ) |
| Palms Medical Group, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## **COMPLAINT**

Plaintiff ROSEMARY QUINN (the "Plaintiff") sues Defendant TRENTON MEDICAL

CENTER, INC. d/b/a Palms Medical Group (the "Defendant") and alleges:

### **JURISDICTION**

1.     This is an action for race discrimination under 42 U.S.C. § 1981.

2.     Plaintiff also brings this action pursuant to the Americans with Disabilities Act,

42 U.S.C. § 12101 *et seq*. ("ADA"); the Age Discrimination in Employment Act of 1967, 29

U.S.C. § 621 *et seq*. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A.

§§ 2000e et seq. ("Title VII"); and the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq*.

("FCRA").

3.     This action also involves the application of the Family and Medical Leave Act of

1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617. This Court also has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3).

5.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## VENUE

6.     The Defendant is a Florida corporation duly authorized and existing under the laws of the State of Florida and conducting business in Alachua County, Florida.

7.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Alachua County and Gainesville, Florida.

8.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Alachua County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.     At all times material, the Plaintiff was and is a Black African American woman, with a beautiful dark complexion.

10.     Plaintiff is 62 years old and a devout Baptist woman.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

11.     Plaintiff worked for the Defendant as a Nurse Educator from approximately February 19, 2018, until her wrongful termination on January 27, 2022.

12.     The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant.

13.     While employed by Defendant, Plaintiff was the only Black African American in her department. In addition, her co-workers working in the same or similar positions were substantially younger than Plaintiff.

14.     Throughout her tenure at Defendant, Plaintiff was subjected to racial slurs, derogatory remarks, and hostile and harassing behavior due to her race, color, age, religion (Baptist) and ethnicity.

15.     Specifically, Leonora Diminion ("Dominion"), a co-worker, repeatedly called Plaintiff a "colored girl" (referring to the racial slur). Based on information and belief, Dominion had not referred to any of Plaintiff's other co-workers as "colored girl" and Plaintiff understood Dominion's comments to be racist. Dominion made the derogatory comments and terms to and regarding Plaintiff in private and in the presence of Defendant's other employees. Plaintiff reported Dominion to HR, and when confronted, Dominion admitted her racist comments and conduct to Human Resources Vice President, Lucian Batson ("HR VP Batson"). Based on Plaintiff's good faith belief, Dominion is not a Black African American individual and does not have a dark complexion.

16.     Also, Rhonda Berry ("Berry"), a co-worker, repeatedly told Plaintiff that looking at her made her want to eat "fried Oreo cookies" like the ones sold at civil war reenactment events. Based on information and belief, Berry had not stated to any of Plaintiff's other co-workers that

looking at them made her want to eat "fried Oreo cookies" like the ones sold at the civil war reenactments, and Plaintiff understood Berry's comments to be racist. Berry made the derogatory statements to Plaintiff in the presence of Defendant's other employees. Based on Plaintiff's good faith belief, Berry is not a Black African American individual and does not have a dark complexion.

17.     Similar to the racist and derogatory comments made by Dominion and Berry, Plaintiff's co-worker Casey (ULN) ("Casey") suggested that Plaintiff better pass a test or she would tie Plaintiff to the back of her truck and drag her. Based on information and belief, Casey had not made this or any other similar threat to Plaintiff's other co-workers and Plaintiff understood Casey's comments to be racist. Casey made the threatening and derogatory comments to and regarding Plaintiff in the presence of Defendant's other employees. Based on Plaintiff's good faith belief, Casey is not a Black African American individual, does not have a dark complexion, and is younger than 40 years of age.

18.     Relatedly, Plaintiff's co-worker Brittny (ULN) often offered Plaintiff lunch and would repeatedly say to Plaintiff that for lunch "we are having fried chicken!" Based on information and belief, Alison had not made this comment to Plaintiff's other co-workers and Plaintiff understood Alison's comment to be racist. Alison made the racist comments to Plaintiff in private and in the presence of Defendant's other employees. Based on Plaintiff's good faith belief, Brittny is not a Black African American individual, does not have a dark complexion, and is younger than 40 years of age.

19.     In addition, during the Christmas Holidays, Defendant gifted a variety of candies and chocolates to its employees, including Plaintiff. However, while white Caucasian employees

received a variety of chocolates and candies, Plaintiff only received dark chocolates. Defendant intentionally gifted dark chocolates to Plaintiff only. Defendant's conduct was yet another discriminatory act toward Plaintiff.

20. Furthermore, and as if the racist comments made by Dominion, Berry, Casey and Brittny were not enough, Plaintiff was also subjected to discriminatory and harassing treatment related to her age and religion.

21. Constantly, Plaintiff's co-workers suggested that Plaintiff dye her hair because she was "showing her age" and that Plaintiff "has been around for a long time."

22. Additionally, Plaintiff's co-workers repeatedly made fun of Plaintiff's religious practices especially when she prayed before eating her meals, during work events, and during hurricane season. For example, Defendant's employee, Shaunee Burke, would sarcastically say to Plaintiff, "You shouldn't worry, because you pray to God".

23. Plaintiff reported all the above actions of the Defendant's employees to her supervisors and to the Defendant's Human Resources Department ("HR"), on multiple separate occasions. HR did not investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment and the name calling from reoccurring. Rather, Plaintiff's multiple complaints were disregarded, and Plaintiff was often reminded that it was the "culture" of the organization.

24. Before relocating to a new building in October 2021, Defendant provided offices, desks, chairs, and functional telephones to Plaintiff's white Caucasian and young co-workers. Conversely, Defendant did not provide or offer to Plaintiff an office, desk, chair, or a desk phone.

25.     Plaintiff was forced to work from her classroom without a desk, with a phone that could only be used on the floor, and a rolling serving cart of which had to be stabilized by wrapping the legs around the base. In other words, Defendant segregated Plaintiff from the white employees, each working from her own desk and with a phone that could be utilized at a proper level as opposed to only on the floor.

26.     Plaintiff felt humiliated, depressed, and anxious because of all the above actions of the Defendant. In addition, Plaintiff's deplorable work-space conditions caused physical injuries to Plaintiff, who began suffering from back, shoulder, and hip pain.

27.     Due to her injuries, Plaintiff sought medical care and treatment from her physician, who provided an order requesting a desk and ergonomic chair due to Plaintiff's condition. She provided this request to HR, but her request was outright ignored.

28.     On or about October of 2021, Defendant moved offices and relocated to a different office building. During the relocation, Plaintiff was responsible for packing and transporting an entire clinical simulation lab by herself, with exception to furniture. This was not required of white employees.

29.     At the new building, all similarly situated white employees were provided a phone extension and an assistant. Plaintiff was not provided either. In addition, Plaintiff was assigned the smallest office in comparison to her white Caucasian counterparts.

30.     Throughout her tenure with Defendant, Plaintiff obtained high scores in her performance evaluations. She consistently requested promotions and raises based on how well she scored, but these requests were always ignored. Defendant denied Plaintiff a raise and failed to promote her.

31.     On or about November 5, 2021, Defendant issued a vaccination mandate which imposed a COVID-19 vaccination to all its employees. Plaintiff objected on the basis of her religious and personal beliefs.

32.     On or about November 19, 20221, Governor De Santis signed into law Fla. Stat. Sec. 381.00317, which prohibited private employers from imposing mandatory COVID-19 vaccines on any of their employees, without first providing "individual exemptions that allow an employee to opt out of such requirement on the basis of medical reasons, including, but not limited to, pregnancy or anticipated pregnancy; religious reasons; COVID-19 immunity; periodic testing; and the use of employer-provided personal protective equipment."

33.     Defendant never complied with offering Plaintiff the opportunity to opt out from its COVID-19 mandate as long as she presented an exemption statement based on religion, medical reasons, COVID-19 immunity, periodic testing, or the use of employer-provided personal protective equipment.

34.     On or about November 27, 2021, Plaintiff complied with the Defendant's COVID-19 mandate, despite the illegality of this mandate. Specifically, she received a COVID-19 vaccine and provided evidence of her vaccination to Defendant through multiple supervisors, including but not limited to HR, Crystal Boyd, Heidi Sally, and Jim Miller,.

35.     On or about January 13, 2022, despite being vaccinated, Plaintiff had to fight for her life when she contracted COVID-19 and later developed bilateral pneumonia. COVID-19 and bilateral pneumonia are both serious medical conditions.

36.     Plaintiff informed Defendant that she contracted COVID-19 and bilateral pneumonia and requested medical leave. In response, Defendant failed to inform Plaintiff of her

rights under the FMLA and did not provide FMLA request documents (which are mandated by law) to the Plaintiff.

37.     While on leave due to COVID-19, Plaintiff was unable to get additional dosages of vaccines, but Defendant insisted on Plaintiff getting additional vaccines, which clearly was an impossibility.

38.     Then, on or about January 27, 2022, Defendant terminated Plaintiff's employment. Plaintiff learned about her termination because a co-worker told her that Plaintiff's termination had been discussed in an interoffice email.

39.     All conditions precedent to bringing this action have occurred, been performed, or been excused.

40.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: RACE AND COLOR DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII

41.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 40 above as if set out in full herein.

42.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

43.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

44.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

    a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.  The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

45.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

46.    Plaintiff is a dark complexioned, Black African American individual, and therefore is a member of a protected class.

47.    The Plaintiff's race and color were motivating factors that caused the Defendant to discriminate against the Plaintiff.

48.    Specifically, Defendant's conduct toward Plaintiff, including but not limited to the comments, derogatory statements and terms, and threats made by Plaintiff's co-workers to and about Plaintiff, in private and in the presence of Defendant's other employees, supervisors and managers, as detailed above in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38, were all discriminatory acts motivated by Plaintiff's color and race.

49.    The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

50.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of harassment based on an individual's race and color, and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to harassment, based on an individual's race and color, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT II: RACE AND COLOR DISCRIMINATION (RETALIATION) – TITLE VII**

51.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 40 above as if set out in full herein.

52.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

53.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

54.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c.   The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

55.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

56.     The Plaintiff complained about discrimination. As a result, he/she was terminated.

57.     Specifically, Plaintiff complained about, reported and rejected Defendant's discriminatory conduct as detailed above in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38, to her supervisors and to the Defendant's HR, on multiple separate occasions, and HR did not investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment and the name calling from reoccurring. Rather Defendant allowed the discriminatory conduct to continue and to worsen and then Defendant terminated Plaintiff's employment.

58.     The Plaintiff sustained emotional suffering and injury attributable to the harassment.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

59.     The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of harassment, based on an individual's race and color, and taking suitable remedial action.

d. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to harassment, based on an individual's race and color, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT III: RACE AND COLOR DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – TITLE VII

60.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 above as if set out in full herein.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

61.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

62.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

63.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.  The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office;

    b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.  The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

64.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

65.     The Plaintiff is a dark complexioned, Black African American individual,  and as such is a member of a group protected under Title VII from discrimination on the basis of race and color.

66.     Commencing shortly after Plaintiff's employment with the Defendant began, on or about February 19, 2018, , the Defendant engaged in a persistent pattern of severe and pervasive harassment involving discriminatory, racist, derogatory, disparaging and humiliating comments, statements, references, threats, and treatment, as detailed in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38,which created a hostile environment for Plaintiff in the workplace.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5559

67.     The Plaintiff did not welcome the conduct described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38, and advised the Defendant that such conduct was unwelcome.

68.     The Plaintiff was subjected to the harassment because of her race and color.

69.     The harassment adversely affected the Plaintiff's psychological well-being.

70.     The harassment unreasonably interfered with the Plaintiff's work performance.

71.     The harassment to which the Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person.

72.     The harassment was sufficiently widespread, pervasive, and prevalent in the Defendant's workplace, at all times pertinent hereto, to charge the Defendant with constructive notice of it.

73.     The Plaintiff gave the Defendant actual notice of discrimination she was subjected to, based on her race and color, during or around July 2018 through October 2022 by speaking with and complaining to her supervisors and Defendant's HR VP Batson.

74.     The Defendant failed to investigate the Plaintiff's complaint.

75.     The Defendant failed to take adequate remedial action.

76.     The harassment continued to occur following the Plaintiff's complaint and the Defendant's response.

77.     The Defendant was acting within the scope of its employment and furthering its objectives Defendant by doing nothing in response Plaintiff's complaints and allowing the continued harassment of Plaintiff.

78.     The Plaintiff sustained emotional suffering and injury attributable to the harassment.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

79.      The Defendant acted with malice and with reckless indifference to the Plaintiff's

civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Issue an order enjoining the Defendant to cease and desist from the conduct described
     in Count I of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.   Issue an order requiring the Defendant to take steps to protect the Plaintiff and other
     similarly situated employees from the type of conduct described in Count I of this
     Complaint, and from all other forms of harassment in the future.

c.   Issue an order requiring the Defendant to adopt and disseminate a policy protecting
     employees from harassment in the workplace and establishing reasonable and adequate
     procedures for investigating complaints of harassment, based on an individual's race
     and color, and taking suitable remedial action.

d.   Order reinstatement of the Plaintiff to the position she would occupy and with all the
     benefits she would have if she had not suffered adverse employment action attributable
     to harassment, based on an individual's race and color, or award the Plaintiff front pay
     in an amount to be determined at trial if reinstatement is determined at trial to be
     impractical.

e.   Award the Plaintiff back pay, including overtime pay, pension benefits, and other
     employment benefits which would have accrued if the Plaintiff's employment had not
     been terminated.

f.   Award the Plaintiff compensatory damages for her emotional suffering.

g.   Award the Plaintiff punitive damages.

h.   Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42
     U.S.C.A. § 2000e-5(k).

i.   Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT VII: RACE DISCRIMINATION (DISPARATE TREATMENT) – 1981

80.      The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 -

40 of this Complaint.

81.      The Plaintiff is a member of a protected class of Black African-American citizens.

82.     At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

83.     During the course of the Plaintiff's employment with Defendant, the Defendant has violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

84.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American employees of the Defendant.

85.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

86.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

87.     Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

88.     During the course of the Plaintiff's employment with Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38of this Complaint.

89.     Defendant, at all times, had knowledge of the discriminatory acts and conduct of its employees, supervisors, managers and HR, and of all other discriminatory actions described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38above.

90.     Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

91.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

92.     As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

93.     The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b.   Award the Plaintiff actual damages suffered;

c.   Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.   Award the Plaintiff prejudgment interest on her damages award;

e.   Award the Plaintiff punitive damages;

f.   Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.   Award the Plaintiff reasonable costs and attorneys' fees; and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                     Telephone: 305.503.5131
Aventura, Florida 33180                                      Facsimile: 888.270.5549

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VIII: RACE DISCRIMINATION (RETALIATION) – 42 U.S.C.A. § 1981**

94.     The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 40 of this Complaint.

95.     The Plaintiff is a member of a protected class of Black African American citizens.

96.     At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

97.     During the course of the Plaintiff's employment with Defendant, the Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981(b), as amended.

98.     During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American of the Defendant.

99.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981, as amended.

100.    The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38, denied the Plaintiff

the right to make and enforce contracts as enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981, as amended.

101.    Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

102.    Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

103.    Plaintiff complained about race discrimination.

104.    In response, the Defendant terminated Plaintiff's employment.

105.    Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

106.    As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

107.    The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b.   Award the Plaintiff actual damages suffered;

c.   Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.   Award the Plaintiff prejudgment interest on her damages award;

e.   Award Plaintiff punitive damages;

f.   Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.   Award the Plaintiff reasonable costs and attorneys' fees; and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

h.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT IX: RACE DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – 42 U.S.C.A. § 1981**

108.    The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 40 of this Complaint.

109.    The Plaintiff is a member of a protected class of Black African American_citizens.

110.    At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

111.    During the course of the Plaintiff's employment with Defendant, the Defendant violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black African American individuals, in violation of 42 U.S.C.A. § 1981(b), as amended.

112.    During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American of the Defendant.

113.    The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American individuals, in violation of 42 U.S.C.A. § 1981, as amended.

114.    The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38, denied the Plaintiff

the right to make and enforce contracts as enjoyed by Caucasian or non-Black African American individuals, in violation of 42 U.S.C.A. § 1981, as amended.

115.    Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

116.    During the course of the Plaintiff's employment with Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38of this Complaint.

117.    Defendant, at all times, had knowledge of its discriminatory acts and conduct and of all other discriminatory actions described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 - 38 above.

118.    Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

119.    Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

120.    As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

121.    The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b.  Award the Plaintiff actual damages suffered;

c.  Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

    d.   Award the Plaintiff prejudgment interest on her damages award;

    e.   Award the Plaintiff punitive damages;

    f.   Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

    g.   Award the Plaintiff reasonable costs and attorneys' fees; and

    h.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XX: RACE AND COLOR DISCRIMINATION (DISPARATE TREATMENT) – FCRA**

122.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 40 above as if set out in full herein.

123.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

124.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

125.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

126.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.   The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to

Sue.

127.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

128.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

129.   Plaintiff is a dark complexioned, Black African American citizen, and therefore is a member of a protected class.

130.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her a dark complexion and Black African American citizenship, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38 of this Complaint.

131.   The discriminatory conduct referred to in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

132.   The Plaintiff was subjected to the conduct referred to in this Complaint because he is a dark complexioned, Black African American citizen.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

133.    Similarly situated employees who are not dark complexioned, Black African American citizens were not subjected to the conduct described and referred to in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38 of this Complaint.

134.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her dark complexion and Black African American citizenship, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38.

135.    The Plaintiff was and is qualified for her position while working for the Defendant.

136.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her dark complexion and Black African American citizenship in the terms, conditions, and privileges of her employment.

137.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

138.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on her dark complexion and Black African American citizenship.

139.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

140.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

**COUNT XXI: RACE AND COLOR DISCRIMINATION (RETALIATION) – FCRA**

141.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

142.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

143.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

144.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

145.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.      The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.      More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.      The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

146.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

147.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

148.    The Plaintiff is a member of protected class of dark complexioned, Black African American citizens.

149.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

150.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

151.    The discriminatory conduct referred to in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

152.    The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, Plaintiff complained to Defendant regarding the racist and derogatory statements and name calling, and also the discriminatory and deplorable conduct toward her. In response, Defendant failed to investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment and the name calling from reoccurring. Rather, Plaintiff's multiple complaints were disregarded, and Plaintiff was often reminded that it was the "culture" of the organization

153.    The Plaintiff was and is qualified for her position while working for the Defendant.

154.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

155.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

156.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

157.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                      Facsimile: 888.270.5549

   b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

   c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

   d. Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

   e. Award a monetary judgment representing prejudgment interest;

   f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

   g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

   h. Grant such other and further relief, as the Court deems just and proper.

## COUNT XXII: RACE AND COLOR DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – FCRA

158. The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

159. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

160. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

161. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

162. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.   Plaintiff is filing this claim within 90 days of receipt of a Notice of Right to Sue.

163.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

164.    The Plaintiff is a dark complexioned, Black African American citizen and as such is a member of a group protected under the FCRA on the basis of race and color.

165.    Commencing on or about (date), the Defendant engaged in a persistent pattern of severe and pervasive harassment involving (description of harassing conduct), which created a hostile environment for Plaintiff in the workplace.

166.    The Plaintiff did not welcome the conduct described in paragraphs (14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38), and advised the Defendant that such conduct was unwelcome.

167.    The Plaintiff was subjected to the harassment because of dark complexion and Black African American citizenship.

168.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

169.    The Plaintiff is a member of protected class of dark complexioned and African American citizens.

170.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her color and race, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38 of this Complaint.

171.     The discriminatory conduct referred to in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

172.     The Plaintiff was subjected to the conduct referred to in this Complaint because she is dark complexioned and African American.

173.     Similarly situated employees who are not dark complexioned or of African American descent were not subjected to the conduct described and referred to in paragraphs dark complexioned and African American citizens of this Complaint.

174.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her dark complexion, as more fully described in paragraphs 14 – 19, 23 - 26, 28 – 30, 33, and 37 – 38.

175.     The Plaintiff was and is qualified for her position while working for the Defendant.

176.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her dark complexion or African American race in the terms, conditions, and privileges of her employment.

177.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                     Facsimile: 888.270.5549

178.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her dark complexion and African American race.

179.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

180.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.   Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.   Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.   Award a monetary judgment representing prejudgment interest;

f.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.   Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.   Grant such other and further relief as the Court deems just and proper.

## COUNT XIII: DISABILITY DISCRIMINATION (DISPARATE TREATMENT) – ADA

181.     The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

182.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

183.    At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

184.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.    The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.    More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

185.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

186.    The Plaintiff was an "employee" of the Defendant as defined by the.

187.    The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

188.    As more fully stated in paragraphs 24 – 29 and 35 – 38, the Plaintiff suffered back, shoulder, and hip pain due to deplorable work-space conditions, COVID and developed severe symptoms including bilateral pneumonia which caused Plaintiff to fight for her life.

189.    The Plaintiff was unaware how long she would suffer her injuries and related symptoms.

190.    The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

191.    The Defendant was aware of the Plaintiff's medical condition, including the specific cause for her condition.

192.    At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

193.    The Plaintiff intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

194.    The Defendant terminated the Plaintiff because of her disability, in violation of the ADA.

195.    Plaintiff was disabled in that Plaintiff's injuries substantially limited her ability to perform and engage in major life activities, including but not limited to caring for herself, performing manual tasks, sleeping, walking, standing, lifting, bending, speaking, breathing and respiratory functions, concentrating, thinking, communicating, and working..

196.    As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

197.    Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                    Facsimile: 888.270.5549

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XIV: DISABILITY DISCRIMINATION (RETALIATION) – ADA**

198. The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

199. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

200. At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

201. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

202.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

203.   The Plaintiff was an "employee" of the Defendant as defined by the ADA.

204.   The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

205.   The Plaintiff informed the Defendant of the discrimination and lack of accommodation she suffered throughout her employment and specifically during year 2021 until on or about the date of her wrongful termination, January 27, 2022.

206.   The Defendant terminated the Plaintiff, under the guise that Plaintiff failed to comply with Defendant's mandate to obtain a COVID vaccination during the time that she was suffering from severe symptoms related to her COVID medical condition and related severe symptoms. Defendant's stated reason was pretextual because Plaintiff had in fact received the initial vaccination for COVID.

207.   The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for her protected activity under the ADA.

208.   The Defendant violated the ADA or acted with reckless disregard for whether its actions were prohibited.

209.   As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

210.   Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e. Award the Plaintiff prejudgment interest on her damages award;

f. Award the Plaintiff reasonable costs and attorneys' fees; and

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT XV: DISABILITY DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – ADA

211. The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

212. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

213. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

214. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

215.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

216.   The Plaintiff is a disabled person or Defendant perceived her to be a disabled person and as such is a member of a group protected under the ADA.

217.   As more fully stated in paragraphs 24 – 29 and 35 – 38, commencing during or around year 2021, the Defendant engaged in a persistent pattern of severe and pervasive harassment involving subjecting Plaintiff to deplorable work-space conditions causing the Plaintiff to suffer back, shoulder, and hip pain and denying Plaintiff reasonable accommodations due to her COVID medical condition and severe symptoms including bilateral pneumonia which caused Plaintiff to fight for her life. Defendant's conduct created a hostile environment for Plaintiff in the workplace.

218.   The Plaintiff did not welcome the conduct described in paragraphs 24 – 29 and 35 – 38, and advised the Defendant that such conduct was unwelcome.

219.   The Plaintiff was subjected to the harassment because of her disability or perceived disability.

220.   The harassment adversely affected the Plaintiff's psychological well-being.

221.   The harassment unreasonably interfered with the Plaintiff's work performance.

222.   he harassment to which the Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person

223.    The harassment was sufficiently widespread, pervasive, and prevalent in the Defendant's workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

224.    The Plaintiff gave the Defendant actual notice of the harassment during or around year 2018 through January 2022, by filing a complaint with HR VP Batson.

225.    The Defendant failed to investigate the Plaintiff's complaint

226.    The Defendant failed to take adequate remedial action.

227.    The harassment continued to occur following the Plaintiff's complaint and the Defendant's response.

228.    The Defendant was acting within the scope of her employment and furthering the objectives of the Defendant by harassing the Plaintiff because (description of policy or objective).

229.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

230.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800             Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

e.   Award the Plaintiff prejudgment interest on her damages award;

f.   Award the Plaintiff reasonable costs and attorneys' fees; and

g.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT XVI: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – ADA

231.   The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

232.   At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

233.   At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

234.   The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

235.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

236.   The Plaintiff was an "employee" of the Defendant as defined by the ADA.

237.   The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

238.     The Plaintiff suffered deplorable work-space conditions causing the Plaintiff to suffer back, shoulder, and hip pain, and a life threatening COVID medical condition with severe symptoms including bilateral pneumonia which caused Plaintiff to fight for her life. For instance, Plaintiff contracted COVID after Defendant failed to follow proper procedures and policies when it failed to implement or enforce to promote safety for employees, such as by failing to provide wipes for cleaning and by allowing extremely large class sizes which clearly violated the CDC recommendations for 6 feet spacing.

239.     The Plaintiff was unaware how long she would suffer from her injuries, medical condition or the severe symptoms.

240.     As more fully described in paragraphs 24 – 29 and 35 – 38, the Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

241.     The Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint.

242.     The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations.

243.     The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

244.     The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

245.     Instead of reasonably accommodating the Plaintiff in good faith, the Defendant terminated the Plaintiff the day after she lodged a complaint against her supervisor.

246.     As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

247.     Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XXVI: HANDICAP DISCRIMINATION (DISPARATE TREATMENT) – FCRA**

248.     The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

249.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

250.     At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

251.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

252.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.    The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.    More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

253.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

254.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

255.    The Plaintiff is a member of protected class of handicap citizens.

256.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in paragraphs 24 – 29 and 35 – 38 of this Complaint.

257.     The discriminatory conduct referred to in paragraphs 24 – 29 and 35 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

258.     The Plaintiff was subjected to the conduct referred to in this Complaint because he is handicap or perceived handicap.

259.     Similarly situated employees who are not handicap or perceived handicap were not subjected to the conduct described and referred to in paragraphs 24 – 29 and 35 – 38 of this Complaint.

260.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in paragraphs 24 – 29 and 35 – 38.

261.     The Plaintiff was and is qualified for her position while working for the Defendant.

262.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her handicap or perceived handicap in the terms, conditions, and privileges of her employment.

263.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

264.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on her handicap or perceived handcap.

265.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

266.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

**COUNT XXVII: HANDICAP DISCRIMINATION (RETALIATION) – FCRA**

267.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

268.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

269.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

270.     At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

271.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

272.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

273.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

274.     The Plaintiff is a member of protected class of handicap or perceived handicap citizens.

275.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

276.     Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

277.     The discriminatory conduct referred to in paragraphs 24 – 29 and 35 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

278.     The Plaintiff was subjected to the conduct referred to in this Complaint because he/she complained about discrimination. Specifically, Plaintiff complained about, reported and rejected Defendant's discriminatory conduct as detailed above in paragraphs 24 – 29 and 35 – 38, to her supervisors and to the Defendant's HR, on multiple separate occasions, and HR did not investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment and the name calling from reoccurring. Rather Defendant allowed the discriminatory conduct to continue and to worsen and then Defendant terminated Plaintiff's employment.

279.     The Plaintiff was and is qualified for her position while working for the Defendant.

280.     The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

281.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

282.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

283.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d. Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

### COUNT XXVIII: HANDICAP DISSCRIMINATION (HOSTILE WORK ENVIRONMENT) – FCRA

284. The Plaintiff re-states and re-alleges paragraphs 1 through __ as if set forth in full herein.

285. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

286. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

287. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

288.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c.   Plaintiff is filing this claim within 90 days of receipt of a Notice of Right to Sue.

289.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

290.    The Plaintiff is a handicap or perceived handicap individual and as such is a member of a group protected under the FCRA on the basis of handicap.

291.    Commencing on or about (date), the Defendant engaged in a persistent pattern of severe and pervasive harassment involving (description of harassing conduct), which created a hostile environment for Plaintiff in the workplace.

292.    The Plaintiff did not welcome the conduct described in paragraphs (24 – 29 and 35 – 38), and advised the Defendant that such conduct was unwelcome.

293.    The Plaintiff was subjected to the harassment because of her handicap or perceived handicap.

294.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

295.    The Plaintiff is a member of protected class of handicap or perceived to be handicap citizens.

296.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in paragraphs 24 – 29 and 35 – 38 of this Complaint.

297.    The discriminatory conduct referred to in paragraphs 24 – 29 and 35 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

298.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is handicap or perceived handicap.

299.    Similarly situated employees who are not handicap or perceived handicap were not subjected to the conduct described and referred to in paragraphs 24 – 29 and 35 – 38 of this Complaint.

300.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in paragraphs 24 – 29 and 35 – 38.

301.    The Plaintiff was and is qualified for her position while working for the Defendant.

302.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her handicap or perceived handicap in the terms, conditions, and privileges of her employment.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

303.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

304.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him/her based on her handicap or perceived handicap.

305.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

306.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.  Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## COUNT XXIX: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – FCRA

307.    The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

308.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

309.    At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

310.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c.  The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

311.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

312.    The Plaintiff was an "employee" of the Defendant as defined by the ADA.

313.    The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

314.    The Plaintiff suffered [DESCRIBE THE INJURIES OR CONDITION].

315.    The Plaintiff was unaware how long she would be incapacitated because of the injuries he/she sustained.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

316.     The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

317.     The Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint.

318.     The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations.

319.     The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

320.     The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

321.     Instead of reasonably accommodating the Plaintiff in good faith, the Defendant terminated the Plaintiff the day after she lodged a complaint against her supervisor.

322.     As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

323.     Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

g.   Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

h.   Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                       Facsimile: 888.270.5549

    i.    Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    j.    Award the Plaintiff prejudgment interest on her damages award;

    k.    Award the Plaintiff reasonable costs and attorneys' fees; and

    l.    Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT X: INTERFERENCE (FAILURE TO PROVIDE INFORMATION) – FMLA

324.    The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

325.    At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

326.    The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

327.    The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

328.    The Plaintiff was entitled to the FMLA leave because he/she had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her jobare of a covered service member].

329.    At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

330.    The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

331.     As more fully detailed in paragraphs 35 – 28 herein, on or about January 13, 2022, Plaintiff contracted COVID, developed severe symptoms including bilateral pneumonia, causing her to fight for her life.

332.     Plaintiff immediately informed the Defendant of her medical condition and requested medical leave.

333.     Defendant failed to inform Plaintiff of her rights under the FMLA and did not provide FMLA request documents (which are mandated by law) to the Plaintiff, but rather terminated Plaintiff's employment approximately two (2) weeks after learning of Plaintiff's severe medical condition, on or about January 27, 2022.

334.     At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

335.     The Plaintiff provided enough information for the Defendant to know that his potential leave may be covered by the FMLA.

336.     The Defendant was aware of the Plaintiff's qualifying reason.

337.     At all times material hereto, the Plaintiff communicated with the Defendant regarding his medical condition.

338.     Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.

339.     Instead of informing the Plaintiff of his rights, the Defendant terminated the Plaintiff for no cause.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

340.     When the Defendant failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on the Defendant's conduct;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

f.  Award the Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT XI: INTERFERENCE (TERMINATION) – FMLA

341.     The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

342.     At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

343.     The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

344.     The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

345.     The Plaintiff was entitled to the FMLA leave because he/she had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her.

346.     At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

347.     The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto. As more fully detailed in paragraphs 35 – 38 herein, at all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of his qualifying reason.

348.     The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

349.     The Defendant was aware of the Plaintiff's qualifying reason.

350.     At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

351.     Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

352.     Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff for no cause.

353.     When the Defendant terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on Defendant's conduct;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

f.  Award the Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT XII: RETALIATION (FMLA)

354.     The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

355.     At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

356.     The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

357.     The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

358.     The Plaintiff was entitled to the FMLA leave because she had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her job.

359.    At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

360.    The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

361.    As more fully detailed in paragraphs 35 – 38 herein, at all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

362.    The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

363.    The Defendant was aware of the Plaintiff's qualifying reason.

364.    At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

365.    Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

366.    Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff for no cause.

367.    The Defendant terminated the Plaintiff following her requesting and taking of FMLA leave.

368.    The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having taken leave under the FMLA.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

369.     The Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with the Defendant.

370.     The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

371.     As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against him/her by terminating her employment for having taken FMLA medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on the Defendant's conduct;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

f.  Award the Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: RELIGIOUS DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII

372.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 40 above as if set out in full herein.

373.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

374.    At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

375.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.    The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.    More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.    The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

376.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

377.    The Plaintiff's religion was a motivating factor that caused the Defendant to discriminate against the Plaintiff.

378.    Specifically, Defendant's conduct toward Plaintiff, including but not limited to the discriminatory comments, derogatory statements and terms, and humiliating jokes, as detailed above in paragraphs 22 – 23, 26, 31 - 33, and 38, were all discriminatory acts motivated by Plaintiff's religion.

379.    The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

380.     The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count IV of this Complaint and from harassing Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count IV of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of harassment, based on an individual's religion, and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to harassment, based on an individual's religion,, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT V: RELIGIOUS DISCRIMINATION (RETALIATION) – TITLE VII

381.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 40 above as if set out in full herein.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

382.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

383.    At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

384.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.    The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.    More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

    c.    The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

385.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

386.    The Plaintiff complained about discrimination. As a result, she was terminated.

387.    Specifically, Plaintiff reported and complained of Defendant's conduct toward her, including but not limited to the discriminatory comments, derogatory statements and terms, and humiliating jokes, as detailed above in paragraphs 22 – 23, 26, 31 - 33, and 38, to her supervisors and Defendant's HR, on multiple separate occasions, and HR did not investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment or discriminatory conduct from reoccurring. Rather Defendant allowed the conduct to continue and to worsen and then Defendant terminated Plaintiff's employment.

388.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

389.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of harassment, based on an individual's religion, and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to harassment, based on an individual's religion, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT VI: RELIGIOUS DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – TITLE VII**

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

390.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 40 above as if set out in full herein.

391.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

392.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

393.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.   The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office;

    b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.   The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

394.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

395.     The Plaintiff is a religious person, who practices the Baptist religion, and as such is a member of a group protected under Title VII from discrimination on the basis of her religion.

396.     Commencing shortly after the beginning of Plaintiff's employment, on or about February 19, 2018, the Defendant engaged in a persistent pattern of severe and pervasive harassment involving discriminatory comments, derogatory statements and terms, and humiliating

jokes about Plaintiff's religion, as detailed above in paragraphs 22 – 23, 26, 31 - 33, and 38,, which created a hostile environment for Plaintiff in the workplace.

397.    The Plaintiff did not welcome the conduct specifically described in paragraphs 22 – 23, 26, 31 - 33, and 38, and advised the Defendant that such conduct was unwelcome.

398.    The Plaintiff was subjected to the harassment because of her religion.

399.    The harassment adversely affected the Plaintiff's psychological well-being.

400.    The harassment unreasonably interfered with the Plaintiff's work performance.

401.    The harassment to which the Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person.

402.    The harassment was sufficiently widespread, pervasive, and prevalent in the Defendant's workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

403.    The Plaintiff gave the Defendant actual notice of harassment during or around July 2018 through October 2022, by filing a complaint with her supervisors and Defendant's HR.

404.    The Defendant failed to investigate the Plaintiff's complaint.

405.    The Defendant failed to take adequate remedial action.

406.    The harassment continued to occur following the Plaintiff's complaint and the Defendant's response.

407.    The Defendant was acting within the scope of its employment and furthering the objectives of the Defendant by harassing the Plaintiff because (description of policy or objective).

408.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                   Facsimile: 888.270.5549

409.   The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of harassment, based on an individual's religion, and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to harassment, based on an individual's religion,, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT XVII: AGE DISCRIMINATION (DISPARATE TREATMENT) – ADEA**

410.   The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

411.   At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

412.   At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

413.   At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630 (f).

414.   The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

415.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

416.   At all times material to this action, the Defendant engaged in unlawful discrimination against the Plaintiff due to her age, in violation of the ADEA.

417.   The Plaintiff is over 40 years old and is within a protected class.

418.   The Plaintiff was qualified to perform her job as a Nurse Educator.

419.   The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating the Plaintiff due to her age.

420.    The effect of the practices more fully complained of in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38, has been to deprive the Plaintiff of equal employment opportunities, specifically her employment, because of her age.

421.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADEA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff liquidated damages;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees; and

f.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XVIII: AGE DISCRIMINATION (RETALIATION) – ADEA**

422.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

423.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

424.    At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

425.    At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630(f).

426.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

    c.  The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

427.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

428.    At all times material to this action, the Defendant engaged in unlawful discrimination against the Plaintiff due to her age, in violation of the ADEA.

429.    The Plaintiff is over 40 years old and is within a protected class.

430.    The Plaintiff was qualified to perform her job as Nurse Educator.

431.    The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating the Plaintiff due to her age.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

432.    The effect of the practices complained of in paragraphs 10, 13 - 14, 17 – 18, 21, 23 and 38, has been to deprive the Plaintiff of equal employment opportunities, specifically her employment, because of her age.

433.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADEA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e.  Award the Plaintiff prejudgment interest on her damages award;

f.  Award the Plaintiff reasonable costs and attorneys' fees; and

g.  Grant the Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT XIX: AGE DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – ADEA**

434.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                            Facsimile: 888.270.5549

435.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

436.    At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

437.    At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630(f).

438.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

   b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

439.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

440.    The Plaintiff is a 62-year-old woman and as such is a member of a group protected under the ADEA from discrimination on the basis of age.

441.    As more fully described in paragraphs 10, 13 - 14, 17 – 18, 21, 23 and 38, during Plaintiff's employment, the Defendant engaged in a persistent pattern of severe and pervasive harassment involving discriminatory, offensive and harassing comments and statements to and

about Plaintiff, in private and in the presence of Plaintiff's co-workers, supervisors and managers, which created a hostile environment for the Plaintiff in the workplace.

442.    The Plaintiff did not welcome the conduct described in paragraphs 10, 13 - 14, 17 – 18, 21, 23 and 38, and advised the Defendant that such conduct was unwelcome.

443.    The Plaintiff was subjected to the harassment because of her age.

444.    The harassment adversely affected Plaintiff's psychological well-being.

445.    The harassment unreasonably interfered with Plaintiff's work performance.

446.    The harassment to which Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person.

447.    The harassment was sufficiently widespread, pervasive, and prevalent in Defendant's workplace at all times pertinent hereto to charge Defendant with constructive notice of it.

448.    Plaintiff gave the Defendant actual notice of the harassment on the basis of age during or around year 2021 by filing a complaint with HR VP Batson.

449.    The Defendant failed to investigate Plaintiff's complaint.

450.    The Defendant failed to take adequate remedial action.

451.    The harassment continued to occur following Plaintiff's complaint and Defendant's response.

452.    The Defendant was acting within the scope of her employment and furthering the objectives of the Defendant by harassing the Plaintiff because (description of policy or objective).

453.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                      Facsimile: 888.270.5549

454.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADEA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees; and

f.  Grant the Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XXIII: AGE DISCRIMINATION (DISPARATE TREATMENT) – FCRA

455.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

456.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

457.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

458.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

459.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

460. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

461. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

462. The Plaintiff is a member of protected class of citizens under the age of forty years old.

463. During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her age, as more fully described in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38 of this Complaint.

464. The discriminatory conduct referred to in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                            Facsimile: 888.270.5549

465.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is forty years of age or older.

466.    Similarly situated employees who are not forty years of age or older descent were not subjected to the conduct described and referred to in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38 of this Complaint.

467.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her age, as more fully described in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38.

468.    The Plaintiff was and is qualified for her position while working for the Defendant.

469.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her age in the terms, conditions, and privileges of her employment.

470.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

471.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on her age.

472.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

473.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

i.    Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

j.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

k.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of her age.

l.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

m.  Award a monetary judgment representing prejudgment interest;

n.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

o.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

p.  Grant such other and further relief as the Court deems just and proper.

**COUNT XXIV: AGE DISCRIMINATION (RETALIATION) – FCRA**

474.  The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

475.  At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

476.  At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

477.  At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

478.  The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549

b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.  The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

479.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

480.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

481.   The Plaintiff is a member of protected class of citizens who are 40 years of age or older.

482.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

483.   Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

484.   The discriminatory conduct referred to in paragraphs 24 – 29 and 35 – 38of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

485.    The Plaintiff was subjected to the conduct referred to in this Complaint because he/she complained about discrimination. Specifically, Plaintiff reported all the actions complained of herein, and the Defendant did not investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment and the name calling from reoccurring.

486.    The Plaintiff was and is qualified for her position while working for the Defendant.

487.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

488.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

489.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

490.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of her age.

d.  Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

 e. Award a monetary judgment representing prejudgment interest;

 f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

 g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

 h. Grant such other and further relief, as the Court deems just and proper.

**COUNT XXV: AGE DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – FCRA**

491. The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

492. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

493. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

494. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

495. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

 a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

 b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

 c. Plaintiff is filing this claim within 90 days of receipt of a Notice of Right to Sue.

496. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

497.     At all relevant times, the Plaintiff is a 62-year-old citizen and as such is a member of a group protected under the FCRA on the basis of her age.

498.     Commencing on or about (date), the Defendant engaged in a persistent pattern of severe and pervasive harassment involving (description of harassing conduct), which created a hostile environment for Plaintiff in the workplace.

499.     The Plaintiff did not welcome the conduct described in paragraphs (10, 13 – 14, 17 – 18, 21, 23 and 38), and advised the Defendant that such conduct was unwelcome.

500.     The Plaintiff was subjected to the harassment because of her age.

501.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.   § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

502.     The Plaintiff is a member of protected class of citizens 40 years of age or older.

503.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her age, as more fully described in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38 of this Complaint.

504.     The discriminatory conduct referred to in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

505.     The Plaintiff was subjected to the conduct referred to in this Complaint because she is 40 years of age or older

506.     Similarly situated employees who are not 40 years of age or older were not subjected to the conduct described and referred to in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38 of this Complaint.

507.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her age, as more fully described in paragraphs 10, 13 – 14, 17 – 18, 21, 23 and 38.

508.     The Plaintiff was and is qualified for her position while working for the Defendant.

509.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her age in the terms, conditions, and privileges of her employment.

510.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

511.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her age.

512.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

513.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

i.    Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                     Facsimile: 888.270.5549

j.   Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

k.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of her age.

l.   Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

m.   Award a monetary judgment representing prejudgment interest;

n.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

o.   Award the Plaintiff costs of this action, including reasonable attorneys' fees;

p.   Grant such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

The Plaintiff demands trial by jury of all issues so triable as of right.

Dated: January 10, 2023.

Respectfully submitted,

By: **s/Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*